US v. Kevin Lynch
CR NO. K-93-068

Re; Honorable Frank A. Kaufman March 17, 2008

Dear Sir, I am the defendant in the above docket case. I am writing to this Court in regards to the 'new crack amendment' and its possible affect on my sentence.

I was found guilty (by jury trial) to a 3 count indictment (copy enclosed), and sentenced on 4/28/94. There is no drug amount on my indictment, so I have also enclosed a copy of the drug 'purchase and received' report to substantiate drug quantity.

* Count I - amount received = 49.38 grams of cocaine base'; 12-21-89.
Count II - amount received = 13.95 grams of heroin; 2-7-90.
Count III - Conspiracy - 12-21-89 through 2-7-90.

My base offense level was calculated at level 32 and my criminal history is IV (168-210 months). I received 210 months on count I, and 210 months on count II, and 240 months (manditory minimum) on count III (sent. trans enclosed).

* No single drug amount triggered the 20 year manditory minimum, thus 3D1.2(d) of the sentencing Guidelines was used to group

together different drugs to trigger the 20 year STATUTORY MANDITORY MINIMUM enacted by CONGRESS not the sentencing commision.

I am requesting that your Honor appoint me a counsel that may help me articulate and file for the 2 level reduction in a professional manner. I am not skilled enough in matters of law to come forth or argue points of law to the Courts standard, but I will swear under oath of perjury that the enclosed documents and informations are true, correct and untampered.

Respectfully Submitted.

ENCLOSED documents;

1. exh. E; Indictment 3 pages
2. exh. D; DEA 4; count I 12-21-89 — 1 page
3. exh. F; DEA 3; count II 2-07-90 — 1 page
4. exh. G; SENTENCING TRANSRIPT p.34, p.35, cover page - 3 pages

Kevin Lynch # 35157-054
PO Box 2000
Fort Dix, NJ
08640

x [signature]

11

EXHIBIT E

dbf

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA :

v. : CRIMINAL NO. K-93-068

KEVIN LYNCH : (Distribution of Cocaine, 21 U.S.C. § 841; Distribution of Heroin, 21 U.S.C. § 841; Conspiracy to Distribute, 21 U.S.C. § 846)

Defendant :

...oOo...

INDICTMENT

COUNT ONE

The Grand Jury for the District of Maryland charges:

On or about December 21, 1989, in the State and District of Maryland,

KEVIN LYNCH

did knowingly and intentionally distribute a quantity of a mixture or substance containing a detectable amount of cocaine base, commonly known as "crack," a Schedule II Narcotic Controlled Substance.

21 U.S.C. Section 841(a)(1)
18 U.S.C. Section 2



ex. 10

**COUNT TWO**

And the Grand Jury for the District of Maryland further charges:

On or about February 7, 1990, in the State and District of Maryland,

**KEVIN LYNCH**

did knowingly and intentionally distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I Narcotic Controlled Substance.

21 U.S.C. Section 841(a)(1)
18 U.S.C. Section 2

COUNT THREE

And the Grand Jury for the District of Maryland further charges:

From on or about December 21, 1989, through on or about February 7, 1990, in the State and District of Maryland and elsewhere, the defendant,

KEVIN LYNCH

did knowingly and intentionally combine, conspire, confederate and agree with diverse other persons to the grand jury known and unknown, to commit the following offenses against the United States: knowingly and intentionally distribute a quantity of a mixture or substance containing a detectable amount of cocaine base, commonly known as "crack," a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1); and knowingly and intentionally distribute a quantity of a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

21 U.S.C. § 846

Richard D. Bennett /JBF

RICHARD D. BENNETT
United States Attorney

A TRUE BILL

______________________________
FOREPERSON

DATE:__________

Exhibit D

Read instructions on reverse before completing.

# REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

1. HOW OBTAINED (Check) [X] Purchase [ ] Seizure [ ] Free Sample [ ] Lab. Seizure [ ] Money Flashed [ ] Compliance Sample (Non-Criminal) [ ] Other (Specify)

2. FILE NO. GD-90-X051

3. G-DEP IDENTIFIER KG2-C2

4. FILE TITLE Paul ADGERSON, et al

5a. WHERE OBTAINED (City, State/Country) Landover, MD

5b. DATE OBTAINED 12-21-89

6a. REFERRING AGENCY (Name)

6b. REFERRAL [ ] Case No. OR [ ] Seizure No. No.

7. DATE PREPARED 12-22-89

8. OFFICE SUBUNIT TFGrp 31

| 9. Exhibit No. | 10. FDIN (8 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | 13. Seized (Approx. Gross Quantity) | 14. Submitted (Approx. Gross Quantity) | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| 1 | | Cocaine | One clear zip lock plastic bag containing a yellowish rock substance | | 78.0g | 2250.00 |
| | | | *Request Latent Prints | | | |
| | | | Rubber band was wrapped around plastic bag to contain substance | | | |

16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG? [X] NO (Included above) [ ] YES (If Yes, enter exhibit no. and describe original container fully):

REMARKS:

Exhibit #1 was purchased on 12-21-89, by S/A Livia Adams from Paul ADGERSON, aka Bobby for $2250.00 OAF. The distribution took place at approximately 1:50pm, on the Giant food store parking lot located at 6510 Landover Rd., Landover, MD. S/A Adams transported the exhibit to the WDO, where a field test was performed which indicated positive results for cocaine as witnessed by TFO Percy Alston. S/A Adams processed and sealed the exhibit in A DEA evidence envelope. The exhibit was secured in a locked safe for overnight safekeeping. On 12-22-89, S/A Adams transported same to the Mid Atlantic Lab for analysis.

17. SUBMITTED BY SPECIAL AGENT (Signature) S/A Livia Adams [signature]

18. APPROVED BY (Signature & Title) G/S Ronald Rockwell [signature]

## LABORATORY EVIDENCE RECEIPT REPORT

19. No. PACKAGES 1

20. RECEIVED FROM (Signature & Date) [signature] 12-22-89

21. TITLE S/A

22. SEAL [ ] Broken [X] Unbroken

23. RECEIVED BY (Signature & Date) Mary Rolls 12-22-89

24. TITLE Evidence Clerk

## LABORATORY ANALYSIS/COMPARISON REPORT

25. ANALYSIS SUMMARY AND REMARKS

| Exh. | Gross Wt. | Amt. Rec'd: | Analysis Summary |
|---|---|---|---|
| 1 | 77.79 g. | 49.38 g. | 1 bag containing off white rocks found to contain Cocaine Base. |

Original packaging sent to FBI Identification Division for Latent Fingerprint Examination.

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | 29. Strength | 30. Measure | 31. Unit | 32. TOTAL NET | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| 1 | 46671 | Cocaine Base | 92 | % | | 45.43 g | 45.72 g |

34. ANALYST (Signature) Kryan I. Ceer [signature]

35. TITLE Forensic Chemist

36. DATE COMPLETED 12/27/89

37. APPROVED BY Paul [illegible]

38. TITLE

39. LAB. LOCATION



Read instructions on reverse before completing.

# REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

1. HOW OBTAINED (Check): [X] Purchase [ ] Seizure [ ] Free Sample [ ] Lab. Seizure [ ] Money Flashed [ ] Compliance Sample (Non-Criminal) [ ] Other (Specify

2. FILE NO.: GD-90-X051

3. G-DEP IDENTIFIER: XC2-C2

4. FILE TITLE: ADGERSON, Paul et al

5a. WHERE OBTAINED (City, State/Country): Landover, MD

5b. DATE OBTAINED: 02-07-90

6a. REFERRING AGENCY (Name):

6b. REFERRAL [ ] Case No. OR [ ] Seizure No. No.

7. DATE PREPARED: 02-08-90

8. OFFICE SUBUNIT: TF Group 31

| 9. Exhibit No. | 10. FDIN (8 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY 13. Seized | 14. Submitted | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| 3 | | Heroin | One clear plastic baggie containg a brown powdery substance | | 37.3 | 4700.00 |

16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG ? [ ] NO (Included above) [ ] YES (If Yes, enter exhibit no. and describe original container fully)

REMARKS: Exhibit #3 was purchased by TFO Brent and S/A Adams from Paul Adgerson for $4700.00 RJA Funds. The distribution took place at approximately 2000 hrs., in the shopping center parking lot located at 6510 Landover RD. Landover, Maryland . S/A Adams transported the exhibit to the WDO for safekeeping. On 02-08-90 TFO Brent transported exhibit#3 to the Mid-Atlantic Regional Lab for analysis.

17. SUBMITTED BY SPECIAL AGENT (Signature): TFO Michael C. Brent [signature] 02-08-90

18. APPROVED BY (Signature & Title): G/S Ronald V. Rockwell [signature] 2/8/90

## LABORATORY EVIDENCE RECEIPT REPORT

19. No. PACKAGES: 1

20. RECEIVED FROM (Signature & Date): [signature] 02-8-90

21. TITLE: TFO

22. SEAL: [ ] Broken [X] Unbroken

23. RECEIVED BY (Signature & Date): [signature] 2/8/90

24. TITLE: FT

## LABORATORY ANALYSIS/COMPARISON REPORT

25. ANALYSIS SUMMARY AND REMARKS

| Exh. | Gross Wt.: | Amt. Rec'd: | Analysis Summary |
|---|---|---|---|
| 3 | 37.30 g. | 13.95 g. | 1 bag containing brown powder found to contain Heroin Base, Methaqualone, Quinine, Caffeine. |

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | 29. Strength | 30. Measure | 31. Unit | 32. TOTAL NET | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| 3 | 46827 | Heroin Base | 37 | % | --- | 5.16 g. | 13.29 g. |
| | | Methaqualone | Traces | - | | | |

34. ANALYST (Signature): Bryan L. Carr [signature]

35. TITLE: Forensic Chemist

36. DATE COMPLETED: 02/22/90

37. APPROVED BY: Paul De Fan

38. TITLE: Laboratory Chief

39. LAB. LOCATION: Wash., D.C.



Previous Editions are OBSOLETE

P, 35





IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA, * Case No. K-93-068
*
v. *
*
KEVIN LYNCH, * 101 W. Lombard Street
* Baltimore, MD 21201
Defendant. * April 28, 1994
*
*********************************

TRANSCRIPT OF SENTENCING HEARING
BEFORE THE HONORABLE FRANK A. KAUFMAN
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For the Government: DOUGLAS B. FARQUHAR, AUSA
JOHN GEISE, AUSA
101 W. Lombard Street
Baltimore, MD 21201

For the Defendant: HARRY D. MCKNETT, ESQUIRE
9891 Broken Lane Parkway
Suite 300
Columbia, MD 21046

Audio Operator: M. J. LAUMAN

Transcription Service: MONIQUE E. GIBSON
M.E.G. TYPING & TRANSCRIPTION

Proceedings recorded by electronic sound recording, transcript produced by transcription service.



MR. HANNIGAN: Oh, I am sorry.

THE COURT: You have given me the guideline range for the three counts. What would the guideline range be -- now, frankly, I think we are getting into something which I have never gotten into. And I don't think we figure out separate guideline ranges under Counts 1 and Count 2.

MR. GEISE: Your Honor, if I might --

THE COURT: I think you have to take them all into account under the totality approach.

MR. GEISE: I think that is right, Your Honor. The only difference here would be that Count 3's statutory minimum has to be imposed. The other two you would impose in the guideline range, but the total --

THE COURT: So, the top guideline range would be -- the top guideline range on confinement would be 210 months which is less than 20 years, so I will make the sentence under Count 1, 210 months, that is a sentence of confinement. The sentence of confinement under Count 2 of 210 months, I impose special $25 assessments under all three counts.

MR. FARQUHAR: I am sorry, Your Honor, I think you said $25, I think you --

THE COURT: I mean $50. Thank you, you are right, and I make the correction to $50. With regard to supervised release, the guideline range is a maximum of five years.

With regard to Counts 1 and 2, the supervised release statutory term under Count 3 is 10 years, so I will impose two -- I will impose a term of supervised release -- no, I have to go the statute.

The term of supervised release under Count 1 is eight years minimum, under Count 2 is six years, so I impose the following with regard to Count 1: Count 1, 210 months confinement, eight years supervised release, $50 special assessment, no fine. With regard to Count 2, 210 months of confinement, six years of supervised release, no fine, and $50 special assessment. With regard to Count 3, 240 months of confinement, 10 years of supervised release, no fine, and $50 special assessment.

The sentences under Counts 1 and 2 shall run concurrent with one another, and also run concurrent with the sentence under Count 3. Have I covered everything now, Mr. Hannigan?

MR. HANNIGAN: Yes, Your Honor.

THE COURT: Mr. Geise?

MR. GEISE: Yes, Your Honor.

THE COURT: Mr. Farquhar?

MR. FARQUHAR: (No response.)

THE COURT: Mr. McKnett?

MR. MCKNETT: Yes, Your Honor.

THE COURT: Any questions? Any questions at this