# OFFICE OF THE FEDERAL PUBLIC DEFENDER
## DISTRICT OF MARYLAND

NORTHERN DIVISION
TOWER II, SUITE 1100
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-0872

JAMES WYDA                                                                                    NICHOLAS J. VITEK
FEDERAL PUBLIC DEFENDER                                                                      STAFF ATTORNEY

September 10, 2008

**Crack Reduction – Status Report**

The Honorable J. Frederick Motz
United States District Judge
United States Courthouse
101 W. Lombard Street
Baltimore, Maryland 21201

    Re:    United States v. Kevin Lynch
            Case No: K 93-0068

Dear Judge Motz:

    Please accept and docket this letter as a status report regarding Mr. Lynch's potential eligibility for a motion for reduction in sentence based on Amendment 706 to the Federal Sentencing Guidelines (the "crack" amendment), and Motion for Appointment of Counsel. Mr. Lynch's projected release dates is May 15, 2010.

    On June 2, 2008 this Honorable Court appointed the Office of the Federal Public Defender to preliminarily review Mr. Lynch's case to determine if he is eligible to seek reduction in sentence. United States Probation has reviewed Mr. Lynch's case and believes that he is ineligible for a reduction in sentence because he was sentenced to a mandatory minimum.

    However, Mr. Lynch is eligible for a reduction in sentence because his guideline has been subsequently lowered pursuant to Amendment 706 and thus is eligible for a reduced sentence. Since Mr. Lynch was sentenced prior to Apprendi v. New Jersey, 530 U.S. 466 (2000) and the indictment against Mr. Lynch never alleged the amount of crack cocaine involved and the amount was never proven beyond a reasonable doubt, the mandatory minimum sentence does not apply to him under a 18 U.S.C. 3582(c) resentencing. Thus, Mr. Lynch is eligible for a sentence below 240 months and respectfully requests that this Court sentence him to time served.

**I.**     **Mr. Lynch Was Sentenced to a Term of Imprisonment Based on a Sentencing Range That Has Been Subsequently Been Lowered by the United States Sentencing Commission.**

    On February 18, 1993 Mr. Lynch was indicted in a three count drug indictment. Counts one and two alleged a "detectable" mixture of cocaine base. After trial, Mr Lynch was found guilty of

all three counts. Mr. Lynch was sentenced on April 28, 1994. The Court ultimately imposed an enhanced penalty of 240 months, based on the mandatory minimum sentencing provision for defendants possessing over 50 grams of cocaine base and having a prior conviction as stated in 21 U.S.C. § 841(b)(1)(A)(iii).

18 U.S.C. § 3582 provides that if a defendant is "sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," then he is eligible for a possible reduction in sentence. The Court of Appeals for the Fourth Circuit has adopted a broad interpretation of "based on" to include any sentence "so long as [its] range under the amended guideline **would be lower** than the range applied by the district court." 357 F.3d 469, 475 (4th Cir. 2003) (emphasis added). Here, the sentencing range for Mr. Lynch *would be lower* than the range applied by the district court and thus he is eligible for a reduction based on Amendment 706 to U.S.S.G. § 2D1.1. Even under the narrow interpretation of "based on" advocated by Probation in its interpretation of Mr. Lynch's eligibility for a reduced sentence, Mr. Lynch is eligible for a reduction. A look at Mr. Lynch's presentence report shows that Mr. Lynch's sentencing range was based on an offense level determined pursuant to § 2D1.1. Paragraph 7 of Mr. Lynch's presentence report calculated the amount of cocaine base alleged and determined that his base offense level was 32. The presentence report went on to find that his criminal history category was IV giving him a guideline range of 168-210 months. That range has subsequently been lowered by Amendment 706.

**II.    At a 18 U.S.C. § 3582(c)(2) Resentencing, a Court Applies the Current Sentencing Law, Thus The Court is Not Bound by Mr. Lynch's Previous Mandatory Minimum Sentence.**

Since Mr. Lynch's guideline range would be lower than the range applied by the district court and that range was based on the crack guidelines, Mr. Lynch is eligible for a reduced sentence. The issue then is whether or not the Court can reimpose the mandatory minimum sentence against Mr. Lynch. If the Court were inclined to find Mr. Lynch eligible for a reduction, but then leave the mandatory minimum in place, such a decision would violate Apprendi v. New Jersey.

In fact, Congress intended for a court resentencing an individual under 18 U.S.C. § 3582(c)(2) to apply current sentencing law rather than to reach back in time and extrapolate the outdated sentencing law and ignore years of legal changes and refinements. This is evident from the very fact that 3582(c) expressly mandates that the Court refer to 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3553(a)(3) instructs the Court when determining a new sentence to evaluate the kinds of sentences **currently available**. Nowhere is there any suggestion that Congress meant to restrict the "kinds of sentences" to the sentences available at the time of the original sentence. See United States v. Mihm, 134 F.3d 1353 (8th Cir. 1998) (finding that a court, as part of its discretion under § 3582, applies the law as it is at resentencing because 3582(c) requires the court to consider all relevant statutory sentencing factors); see also Dodd, 545 U.S. at 361 (where the statute's language is plain, courts shall enforce the statute according to its terms).

Such a rule makes sense, particularly given the rapidly changing legal environment regarding criminal law. A court cannot be expected to pretend for the purposes of resentencing that it is 1994 and ignore the monumental changes in sentencing that have occurred in the decade since Mr. Lynch sentence. See e.g., Jones v. United States, 526 U.S. 227 (1999); Apprendi v. New Jersey, 530 U.S.

466 (2000); United States v. Booker, 543 U.S. 220 (2005); Rita v. United States, 127 S. Ct. 2456 (2007); Gall v. United States, 128 S. Ct. 586 (2007); Kimbrough v. United States, 128 S. Ct. 558 (2007). As the 9th Circuit stated in United States v. Hicks in relation to Booker and § 3582(c)(2) resentencing, "Booker was not a mere statutory change which can be set aside to allow us to pretend it is 1993 for the purpose of modifying Hicks' sentence; rather, it provides a constitutional standard which courts may not ignore..." 472 F.3d 1167, 1173. This is particularly true with post-Booker resentencing under § 3582(c)(2), which requires an an analysis of the new guideline range along with the § 3553(a) factors and not simply a mechanical reapplication of a new guideline sentence. In completing this analysis of the new guideline range, the Court must apply all the applicable guidelines and not simply apply some but not others. See generally United States v. Forty Estremera, 468 F.Supp.2d 468, 471-72 (D.P.R. 2007) (the proper procedure is to first calculate the amended guideline range and "then evaluate the factors set forth in 18 U.S.C. 3553(a) to determine whether or not a guideline or non-guideline sentence is warranted.")

For most defendants serving mandatory minimum sentences, there is no change under the amended guidelines and thus no relief. A court recalculating an amended guideline case without an Apprendi error would simply follow the steps in U.S.S.G. § 1B1.1 and reach § 5G1.1 and § 5G1.2 and still be bound by the statutorily required minimum sentence. This is because, under *current law*, the statutorily minimum sentence is unchanged.

The question is different for Mr. Lynch because, under current law, when the Court reaches § 5G1.1 and § 5G1.2 after following U.S.S.G. § 1B1.1 and 3553(a), there is no statutory minimum sentence. Apprendi v. New Jersey requires any fact that enhances a penalty must be alleged in the indictment and proven beyond a reasonable doubt. Id. at 490. This includes enhancements for drug quantities set forth in 21 U.S.C. § 841. See United States v. Promise, 255 F.3d 150, 156-57 (4th Cir. 2001) ("Apprendi dictates that in order to authorize the imposition of a sentence exceeding the maximum allowable without a jury finding of a specific threshold quantity, the specific threshold quantity must be treated as an element of an aggravated drug trafficking offense, i.e., charged in the indictment and proved to the jury beyond a reasonable doubt."); United States v. Martinez, 277 F.3d 517, 529, 530 (4th Cir. 2002) (finding that the defendant whose indictment contained no allegation of a drug quantity did not face a mandatory minimum sentence).

Here, Mr. Lynch was sentenced to a 240 month mandatory minimum sentence based on a pre-Apprendi error because the 50+ grams of cocaine base were not alleged in the indictment nor proven beyond a reasonable doubt. Rather, the Court concluded at his sentencing that there was more than 50 grams of cocaine base based on a preponderance of the evidence. Thus, under *current law*, there is no mandatory minimum sentence because the amount of drugs were never properly proven in accordance with Apprendi.

Thus, in calculating Mr. Lynch's amended sentence according to § 1B1.1, when the Court reaches § 5G1.1 and § 5G1.2 in its analysis, there is *no mandatory minimum sentence*. To argue that there is a mandatory minimum sentence is to suggest that the Court simply apply § 2D1.1 and then stop or apply § 2D1.1 using 2008 law, but implementing sections 5G1.1 and 5G1.2 by using 1994 law. However, there is no support in the statute or the caselaw to suggest that a court can pick and chose which parts of the guidelines to apply. See Dodd, 545 U.S. at 361 (stating that "courts are not free to rewrite the statute that Congress has enacted. When the statute's language is plain, the sole

function of the courts-at least where the disposition required by the text is not absurd-is to enforce it according to its terms.") (internal citations omitted).

      The amended guideline range for Mr. Lynch is now 135-168 months. Mr. Lynch has severed nearly 15 years in prison and is currently scheduled for release in May of 2010. In light of the above, Mr. Lynch requests that this Court sentence him to time served.

      A proposed order is attached.

                                                Sincerely yours,

                                                /s/

                                              Nicholas J. Vitek
                                              Staff Attorney

Barbara Sale, AUSA
Estelle Santana, USPO
Kevin Lynch, #35157-054
Court File